# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JME BUILDING & DEVELOPMENT LLC, on behalf of itself and all others similarly situated, | * * * * | |
| Plaintiff, | * * | Civil Action No. 1:22-CV-00293 |
| v. | * * * | Formerly Baldwin County Circuit Court Case No. CV-2022-900627.00 |
| THE CITY OF FAIRHOPE, ALABAMA a Municipal Corporation, *et. al.*, | * * * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

To:   John Parker Yates
      Kristopher O. Anderson
      YATES ANDERSON
      4851 Wharf Parkway, Ste D-230
      Orange Beach, AL 36561

      Grant Blackburn
      BLACKBURN & CONNER, P.C.
      110 Courthouse Sq.
      Bay Minette, AL 36507

      Circuit Clerk of Baldwin County, Alabama
      312 Courthouse Square, Suite 10
      Bay Minette, Alabama 36507

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Rule 81(c) of the *Federal Rules of Civil Procedure*, and S.D. Ala. Civil LR 8, Defendants the City of Fairhope, Alabama, the City Council of the City of Fairhope, Alabama, Mayor Sherry Sullivan, Jimmy Conyers, Kevin Boone, Corey Martin, Jack Burrell, and Jay Robinson (hereinafter, "Defendants")[1] hereby give notice of

---

[1] Plaintiff has sued Defendants Mayor Sherry Sullivan, Jimmy Conyers, Kevin Boone, Corey Martin, Jack Burrell, and Jay Robinson in their official capacities. However, Plaintiff has not perfected service on Defendants The City Council of the City of Fairhope, Alabama, Jimmy

1

removal of this case from the Circuit Court of Baldwin County, Alabama to this Honorable Court, and as grounds therefore state the following:

1. Plaintiff JME Building & Development LLC (hereafter "JME") filed this lawsuit on June 20, 2022 in the Circuit Court of Baldwin County, Alabama. Plaintiff named the City of Fairhope and its City Council as defendants in this case. Plaintiff further named Fairhope City Council members Jimmy Conyers, Kevin Boone, Corey Martin, Jack Burrell, and Jay Robinson, and Mayor Sherry Sullivan as defendants in their official capacities. (*See* Complaint, ¶¶ 4-5).

2. The Clerk for the City of Fairhope received a copy of the Summons and the Complaint on June 27, 2022, and Defendants Mayor Sherry Sullivan and the City of Fairhope received a copy of the summons and complaint by certified mail on July 5, 2022. All process, pleadings and orders in this matter are attached hereto as Exhibit A. This Notice of Removal is timely because it has been filed within thirty days of service of the Summons and the Complaint on Defendants Mayor Sullivan and the City of Fairhope. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 353-54 (1999).

3. All Defendants who have been properly joined and served join in and consent to the removal of the action. *See* 28 U.S.C. § 1446(b).[2]

4. Pursuant to 28 U.S.C. §1446(d), Defendants served a copy of this Notice on Plaintiff and are filing a copy of this Notice with the Clerk of the Baldwin County Circuit Court.

---

Conyers, Kevin Boone, Corey Martin, Jack Burrell, and Jay Robinson (hereinafter "Council Defendants") at this time. By joining in this Notice of Removal, Council Defendants do not waive any defenses available to them, including, but not limited to, any immunity defenses and the defenses available pursuant to Federal Rule of Civil Procedure 12(b), including improper service.

[2] Under 28 U.S.C. § 1446(b)(2)(A), consent for removal is only needed from those defendants that have been "properly joined and served." Council Defendants have not been properly served in this matter at this time, but still join in and consent to this removal subject to and without waiving any immunity defenses or defenses available under Federal Rule of Civil Procedure 12(b).

## FEDERAL QUESTION JURISDICTION

5. Defendants remove this action pursuant to 28 U.S.C. § 1441(a), which states, in pertinent part that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. This removal is based on federal question jurisdiction. *See* 28 U.S.C. § 1331.

7. To confer federal question jurisdiction, the civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)).

8. Federal question jurisdiction exists where "federal law creates the cause of action or [where] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983). Here, Plaintiff clearly invokes federal law. Plaintiff's Complaint alleges that Defendants' method of assessment and collection of impact fees on new developments and substantial improvements within the city limits violated the United States Constitution. (*See* Complaint, at Counts II and III). Specifically, Plaintiff alleges that said impact fees constitute an impermissible taking in violation of the Fifth Amendment and have resulted in unlawful discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. "This is an obvious basis for federal question jurisdiction." *Northfield, LLC v. Utilities Bd. of City*

*of Bayou La Batre, Ala.*, No. CIV.A.09-0575-WS-M, 2009 WL 3784338, at *1 (S.D. Ala. Nov. 9, 2009) (plaintiff's allegation that the City of Bayou La Batre's sewer impact fees violated the Fifth and Fourteenth Amendments gave "rise to federal question jurisdiction, as a matter of fundamental, black-letter law"); *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) ("[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Riggs v. Brooks*, No. CV 17-0469-CG-MU, 2018 WL 3800037, at *3 (S.D. Ala. Apr. 11, 2018), report and recommendation adopted, No. CV 17-469-CG-MU, 2018 WL 3795258 (S.D. Ala. Aug. 9, 2018) ("Allegations of constitutional violations provide a basis for federal-question jurisdiction over a complaint."). While Defendants deny that any such violations occurred and that Plaintiff is entitled to any relief, the allegations in the Complaint are sufficient to establish federal question jurisdiction in this case.

9. A substantial question of federal law is also squarely at issue in this lawsuit because the lawsuit will turn on the resolution of rights secured by the United States Constitution, which may be actionable under 42 U.S.C. § 1983 ("Section 1983"). Admittedly, there is no specific citation in the Complaint to Section 1983. However, there is an invocation of rights secured by the United States Constitution, and the United States Supreme Court has held that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 22.

10. While lacking specific citations to Section 1983, the Complaint does nothing to distance itself from this authority. In the Complaint, Plaintiff does not aver that the claims in this lawsuit are being made pursuant only to state law or that they are *not* being made pursuant to Section 1983, which Plaintiff could have done. *See Hill*, 364 F. 3d at 1314 ("[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where

4

a federal claim is also available.") (citations and quotations omitted). In fact, Plaintiff explicitly seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988, which "may allow the prevailing party . . . reasonable attorney's fee as part of the costs" in any § 1983 action or proceeding. (*See* Complaint *ad damnum* clauses, pages 7-16); 42 U.S.C. § 1988. Therefore, Plaintiff is clearly invoking a Section 1983 right of action to remedy an alleged violation of federal law in this case.

11. Moreover, a substantial question of federal law exists here because of the importance of the federal interest at stake. *See Wynn ex rel. Alabama v. Philip Morris, Inc.*, 51 F. Supp. 2d 1232, 1243-44 (N.D. Ala. 1999); *Jenkins v. DeKalb Cty., Georgia*, 242 F.R.D. 652, 658 (N.D. Ga. 2007) ("Section 1983's status as a legislative effort to enforce the Fourteenth Amendment provides an objective basis for finding that an 'important federal interest' is at stake."); *Town of Newton v. Rumery*, 480 U.S. 386, 418 (1987) (Stevens, j, dissenting) ( "[t]he very existence of [Section 1983] identifies the *important federal interests* in providing a remedy for the violation of constitutional rights . . . .") (emphasis added).

## SUPPLEMENTAL JURISDICTION

12. Plaintiff's Complaint also includes several claims under state law. Specifically, Plaintiff alleges that Defendants violated Section 223 of the Alabama Constitution, Ala. Code § 45-2-243.80, and the City of Fairhope Ordinance 1625. However, "[JME's] federal causes of action are not 'separate and independent' from its state-law claims, inasmuch as both sets of claims flow from a singular occurrence (*i.e.,* the levy of [development] impact fees on plaintiff)." *Northfield, LLC,* 2009 WL 3784338, at *2. Therefore, to the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367 because any such

claim would be so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. The claims in this case do not raise a novel or complex issue of State law. *See* 28 U.S.C. § 1367(c)(1).

14. The State law claims in this case do not substantially predominate over the claims over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2).

15. Of course, at this stage of the proceedings, this Court has not dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

16. There are no exceptional circumstances or compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c)(4).

## CONCLUSION

17. For the reasons stated herein, this Court has original jurisdiction over the claims against the Defendants in this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over any related State law claims pursuant to 28 U.S.C. 1367(a). Thus, the Defendants respectfully request that this Court assume jurisdiction *in toto* over the claims against them in this case.

Respectfully submitted,

*/s/ Christopher S. Williams*
CHRISTOPHER S. WILLIAMS
EMILY B. VAN HANEGHAN
CHARLES C. MATRANGA
*Attorneys for Defendants*

**OF COUNSEL**:
HAND ARENDALL HARRISON SALE LLC
P.O. Box 1499
Fairhope, Alabama 36533
(251) 990-0079
cwilliams@hanfirm.com

6

HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
evanhaneghan@handfirm.com
cmatranga@handfirm.com

## CERTIFICATE OF SERVICE

 I hereby certify that on July 26, 2022, a copy of the foregoing has been served upon counsel for all parties via the Court's electronic filing system and/or by electronic mail, properly addressed, as follows:

John Parker Yates
Kristopher O. Anderson
YATES ANDERSON
4851 Wharf Parkway, Ste D-230
Orange Beach, AL 36561
kris@yatesanderson.com
parker@yatesanderson.com

Grant Blackburn
BLACKBURN & CONNER, P.C.
110 Courthouse Sq.
Bay Minette, AL 36507
gblackburn@blackburnpc.com

            */s/ Christopher S. Williams*